UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
 :
WELLS FARGO BANK, NATIONAL ASSOCIATION, :
*as Trustee, for the Benefit of the Holders of COMM 2018-* :
*COR3 Mortgage Trust Commercial Mortgage Pass-* :
*Through Certificates, Series 2018-COR3*, :
 :   22-CV-1048 (JMF)
                            Plaintiff, :
 :   ORDER
                -v- :
 :
JTRE 240 EAST 54TH STREET LLC, :
 :
                            Defendant. :
 :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Plaintiff Wells Fargo Bank, National Association brings this action against Defendant JTRE 240 East 54th Street LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a citizen of South Dakota. *See* ECF No. 1 ("Complaint") ¶ 1. It alleges that Defendant JTRE 240 East 54th Street LLC (the "Defendant LLC") is a citizen of New York and/or Connecticut. *See id.* ¶ 2.

    It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the

citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  In the present case, the Complaint fails to do so.  *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before **February 15, 2022**, the Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity comprising the Defendant LLC.  If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: February 8, 2022
      New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge